**People of the State of Illinois, Plaintiff-Appellee, v. Dorpha Snodgrass, Defendant-Appellant.**

Gen. No. 68–38.

Second District.

December 10, 1968.

John T. Beynon, Public Defender, of Rockford, and John F. McNamara and Vern L. Davitt, for appellant.

William R. Nash, State's Attorney of Winnebago County, of Rockford, and Daniel D. Doyle, Assistant State's Attorney, for appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

The defendant, Dorpha Snodgrass, was charged by information, after waiver of indictment, with leaving the scene of a fatal traffic accident which occurred on November 3, 1966. The information was in two counts, the first charged that Snodgrass left the scene of the accident in violation of section 133(a) of chapter 95½ of the Illinois Revised Statutes, and the second charged a failure to report the accident within 48 hours in violation of section

133(b) of the same chapter. In a trial before a jury, the defendant was found guilty on both counts. The defendant's motion for a new trial was denied and he was sentenced to two years probation, conditioned upon serving 60 days in the Winnebago County jail.

Section 133(a) and (b) provides as follows:

> "133. ACCIDENTS INVOLVING DEATH OR PERSONAL INJURIES.
>
> "(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident, or as close thereto as possible and shall then forthwith return to, and in every event shall remain at, the scene of the accident until he has fulfilled the requirements of Section 38. Every such stop shall be made without obstructing traffic more than is necessary.
>
> "(b) Any person who has failed to stop or to comply with said requirements shall, within 48 hours after such accident or, if hospitalized and incapacitated from reporting at any time during such period, within 48 hours after being discharged from the hospital, report the place of the accident, the date, the approximate time, his name, address, the registration number of the vehicle driven, and the names of the occupants, if any, of such vehicle, at a police station or sheriff's office near the place where such accident occurred. No report made as required under this Subsection shall be used, directly or indirectly, as a basis for the prosecution of any violation of Subsection (a) of this Section."

The defendant does not appeal from his conviction under the first count of the information for a violation of paragraph (a) of section 133 but does maintain that the conviction under the second count was improper.

At approximately 8:30 p. m. on November 3, 1966, within a few hours of the fatal accident, two police officers called at the Snodgrass home. The officers informed the defendant that they were investigating a "hit and run accident" and asked if they could examine his car. The defendant obligingly removed his car from his garage for their examination and answered all their questions but denied any knowledge of the accident.

It is argued by the defendant that under these circumstances it was error to convict him for a violation of a failure to report since it is obvious that the police had information as to ". . . the place of accident, the date, the approximate time, his name, address, the registration number of the vehicle driven, and the names of the occupants, if any, of such vehicle . . . ." within the 48 hours as provided in the statute. It is further contended by the defendant that the record discloses his complete cooperation with the police and that he in fact furnished all the information known to him since he denied any knowledge of the accident itself.

We recently considered a similar situation in the case of People v. Johnson, 79 Ill App2d 226, 223 NE2d 860. In that case, the defendant reported to the police that although he was near the scene of the accident that he did not recall "hitting anyone." The court found that there was sufficient evidence that the defendant did in fact hit the victim with his automobile and that his "report" to the police could not be construed as a report of the "accident" since he denied knowledge that an accident occurred.

■■ The same point is involved here. The jury considered the evidence and concluded that Snodgrass had in fact struck the victim with his automobile. It was the responsibility of the defendant to report that fact to the police within 48 hours, and although he did, in response to their inquiries, furnish information as to the ownership and use of his automobile, he did not report the acci-

dent itself. That such information would apparently have been redundant is beside the point. The purpose of the statute is to prevent the concealment of an accident by the driver involved. It was competently established that the defendant was involved in the fatal accident and he clearly failed to make the report as required by section 133(b). The report would not violate the defendant's constitutional safeguard against self-incrimination since the last sentence of the paragraph prohibits its use as a basis for prosecution.

■ The defendant also contends that the court improperly gave the jury People's Instruction No. 14, over objection. The excerpts of record contain only the allegedly improper instruction. It is necessary to include all the instructions, both given and refused, in the abstract or excerpt of record, to properly raise an alleged error in instructions before a court of review. People v. Donald, 29 Ill2d 283, 287, 194 NE2d 227; People v. Habdas, 94 Ill App2d 330, 339, 340, 236 NE2d 731.

For the reasons given, the judgment of the trial court will be affirmed.

Judgment affirmed.

DAVIS and MORAN, JJ., concur.