Rockingham
No. 7801

STATE OF NEW HAMPSHIRE

v.

DAVID F. GHUSTE

November 16, 1977

*David H. Souter,* attorney general and *Peter W. Heed,* assistant attorney general (*Mr. Heed* orally), for the state.

*Kfoury & Williams,* of Manchester (*Mr. Joseph Williams* orally), for the defendant.

GRIMES, J.   The question in this case is whether on the facts found by the trial court the defendant is guilty of violating our hit-and-run statute, RSA 262-A: 67. We rule that he is guilty.

Defendant was indicted for a violation of RSA 262-A: 67 for knowingly being involved in an accident resulting in death and failing to stop and otherwise comply with the requirements of the statute. After a trial without a jury the Court, *Loughlin,* J., made certain findings and rulings and transferred the question "under these circumstances, is the defendant guilty or not guilty of a violation of RSA 262-A: 67." Two other questions transferred need not be answered because the issues are no longer in contention.

The statute requires that any operator "who is knowingly involved in any accident which results in death, personal injury or damages to property, shall immediately stop such vehicle at the scene of such accident and give . . . to the person injured . . . his name and address, the number of the driver's license, the registration of the motor vehicle and the name and address of each occupant thereof." The statute then provides that if for any reason the injured person is unable to receive the information it should be given immediately to a policeman at the scene or at the nearest police station.

The trial court found that the defendant on the night of November 12, 1975, was operating a pickup truck in a southerly direction on Rockingham Road in Salem, New Hampshire. It was dark and raining, and the road was rutted and contained pot holes.

Two boys about fourteen years old were walking southerly on Rockingham Road with their backs to traffic. A truck went by and hit and killed one of the boys. The other boy testified that the truck slowed down and the operator seemed to look back. The defendant's testimony was that he heard a thump, slowed, almost stopped, looked into his rear-view mirror, saw nothing and continued to his home a short distance away.

Later that night, investigation by police led them to defendant's home where his truck was parked in the yard. Defendant gave them permission to look at the truck after they told him there had been an accident on Rockingham Road earlier that evening. Two days later defendant was asked to bring his truck to the police station where, with his consent, the officers examined it. They found dents on the right front fender.

The court found that defendant knew at the time of the accident "that he had struck something" and that defendant was "not actually aware that he had struck the Swan boy" at the time of the accident, but that the next day "defendant realized he had struck the Swan boy, but never voluntarily went to the Salem Police Station to report it."

The evidence supported the trial court's finding that defendant knew on the day following the accident that he had struck a pedestrian. He knew at the time of the accident that he hit "something." He later learned that evening that someone "got bumped" by a pickup truck, and the next day defendant and his sister discussed the fact that the night before a boy had been hit and killed on Rockingham Road.

■ The real question is whether the statute was violated by his failure to report the accident to the police station when he learned of it the next day. Defendant argues that the statute can be violated only if the defendant had knowledge of the injury at the time of the accident because it requires the driver to "immediately stop such vehicle at the scene of such accident" and give the required information. The clear purpose of the statute however is to make the identity of the operator available in the event civil or criminal liability is sought to be imposed. *See State v. Soucy,* 97 N.H. 233, 84 A. 838 (1951). Although the statute requires that the

information be given immediately at the scene when this can be done, the statute also provides that when for any "cause" the injured person cannot receive the information at the scene, it must be given at the "nearest police station." The clear import of the statute is that whenever the operator learns that he has been in an accident which results in death, he has the obligation to make this fact known to the police. *See People v. Snodgrass,* 103 Ill. App. 2d 166, 242 N.E.2d 614 (1968). We are of the opinion that any reasonable person would foresee that this was the intention of the statute. *See State v. Williams,* 92 N.H. 377, 378, 31 A.2d 369, 370 (1943); *Rose v. Locke,* 423 U.S. 48, 50 (1975).

■ Defendant contends that the indictment did not give him fair notice that he would have to defend against a claim that he was guilty of a violation of the statute if he failed to report after discovering the next day that he had been in an accident from which death resulted. The issue of when he acquired the knowledge was fully tried under the indictment as drawn and defendant has had ample opportunity to meet the legal claim in this court.

*Remanded.*

LAMPRON, J., did not participate in the decision of this case; the others concurred.