THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MICHAEL A. YOUNG, Defendant-Appellee.

Second District    No. 78-113

Opinion filed July 23, 1981.

T. Jordan Gallagher, State's Attorney, of Sycamore (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mary Robinson and Richard E. Cunningham, both of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE HOPF delivered the opinion of the court:

This is an interlocutory appeal by the State challenging the suppression of a police report. We had previously dismissed this appeal (*People v. Young* (1979), 76 Ill. App. 3d 210, 392 N.E.2d 790), holding that Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)(1)) did not authorize an appeal by the State. The supreme court reversed this holding (*People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501), and the case is now before us on remand for review of the substantive issue, which is whether section 11—401(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—401(b)) authorized suppression of defendant's statement.

The matter concerns a hit-and-run automobile accident in DeKalb. Immediately after the accident two witnesses reported to DeKalb police the license number of the car that left the scene. The occupants of that car were described generally as two young males. After checking the registration of the car, the police called the owner. He informed them that his son (defendant) had the car at school. The police then called defendant and asked him to come to the station to talk about the accident. Defendant replied that he would be right down and he arrived shortly thereafter. Upon his arrival he surrendered his driver's license. The police used the information on the license to complete an accident form begun at the scene. They then advised defendant of his *Miranda* rights and questioned him about the accident. Defendant admitted that he had been driving the car that had failed to stop after hitting another vehicle. This admission was added to the accident report and included in a follow-up police report.

Defendant was charged with leaving the scene of an accident and driving too fast for conditions in violation of sections 11—401(a) and 11—601(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, pars. 11—401(a), 11—601(a)).

Prior to trial defendant moved to suppress any statements or report which he had made concerning the accident.

The motion was made and granted on the basis of section 11—401(b) of the Illinois Vehicle Code, which provides in pertinent part:

"Any person who has failed to stop or to comply with said

requirements shall, within 48 hours after such accident, * * * report the place of accident, the date, the approximate time, his name, address, the registration number of the vehicle driven, and the names of the occupants, if any, of such vehicle, at a police station or sheriff's office near the place where such accident occurred. No report made as required under this Subsection shall be used, directly or indirectly, as a basis for the prosecution of any violation of Subsection (a) of this Section." Ill. Rev. Stat. 1977, ch. 95½, par. 11—401(b).

The State argues that defendant did not make a report in compliance with the statute. Before defendant made his admission the police had all the information that defendant could have supplied in a section 11—401(b) report, it contends. The record is clear, however, that although the police obtained most of the information that would go in such a report from the witnesses, they were missing a vital piece of information, the identity of the driver who failed to stop. The information police had up to the time defendant identified himself as the driver would not have been sufficient to sustain a conviction.

■■ We think that implicit in the provisions of section 11—401(b) is the requirement that one make an admission of a failure to stop at the scene of an accident. Clearly, one who reports his name in order to comply with that section does so because of a failure to stop. Compare *People v. Snodgrass* (1968), 103 Ill. App. 2d 166, 242 N.E.2d 614, and *People v. Johnson* (1967), 79 Ill. App. 2d 226, 223 N.E.2d 860, where persons who furnished all the information listed in section 11—401(b) but who denied involvement were held not to have complied with the statute and were denied its protection. Defendant's admission that he was the driver who failed to stop was a part of his report. The State may not use it in its prosecution of defendant for leaving the scene of an accident.

■■ The statute prohibits use of this report as a basis of a prosecution for leaving the scene of an accident. Defendant was also charged with driving too fast for conditions. The two charges were joined for prosecution, and when the court ordered defendant's statements suppressed it should have limited the application of its order to the charge of leaving the scene of an accident. There is no bar to the use of his statements in the prosecution of the other charge. We therefore affirm the suppression of defendant's statement with regard to the prosecution for leaving the scene of an accident, but reverse the order with regard to the prosecution for driving too fast for conditions.

Affirmed in part, reversed in part.

UNVERZAGT, J., concurs.

Mr. JUSTICE REINHARD, dissenting in part:

I dissent only from that part of the majority opinion which affirms the trial court's suppression order as it pertains to the offense of leaving the scene of an accident. I do not consider the defendant's admissions after being read his *Miranda* warnings and questioned by the officers to be a "report" which the legislature intended under section 11—401(b) to exclude from evidence. Rather, I am of the opinion that the salutary purpose of section 11—401(b) is to encourage voluntary reporting, not the product of police investigation and interrogation, in circumstances where a person has initially failed to stop or comply with section 11—403. Furthermore, I find nothing in the record that the defendant furnished this information intending to comply with the reporting provisions of this statute.

Under the limited facts presented here, I would find the defendant did not "report" the requisite information as intended under section 11—401(b), and would reverse and remand on both offenses.