(No. 55452.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MICHAEL A. YOUNG, Appellee.

*Opinion filed June 18, 1982.*

WARD, J., and RYAN, C.J., dissenting.

Tyrone C. Fahner, Attorney General, of Springfield, and Jordan Gallagher, State's Attorney, of Sycamore (Phyllis J. Perko, of the State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

Steven Clark, Deputy Defender, and Richard E. Cunningham, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee.

JUSTICE SIMON delivered the opinion of the court:

Defendant, Michael Young, was charged in the circuit court of De Kalb County with leaving the scene of an accident (Ill. Rev. Stat. 1977, ch. 95½, par. 11—401(a)) and driving too fast for conditions (Ill. Rev. Stat. 1977, ch. 95½, par. 11—601(a)). Immediately after the accident,

witnesses reported to the police the license plate number of a car that fled the scene, and less than three hours later a police officer traced the license plate to Young. The officer called Young and asked him to come to the police station to talk about the accident. Young promptly complied with the request, appeared at the station, and made statements both before and after receiving *Miranda* warnings about the occurrence and having left the scene. The issue in this appeal is whether, consistent with section 11—401(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—401(b)), the statements a person makes within 48 hours after an accident, but after first being requested by a police officer to come to the police station to discuss the accident, may be used against him in a prosecution for leaving an accident scene. We conclude they may not.

Section 11—401(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—401(a)) requires the driver of a vehicle involved in an accident resulting in injury or death to stop and remain at the scene until he has given his name and address, exhibited his driver's license to the other persons involved in the accident, and rendered reasonable assistance to any person injured in the accident. The relevant portion of section 11—401(b) (Ill. Rev. Stat. 1977, ch. 95½, par. 11—401(b)) provides:

"(b) Any person who has failed to stop *** shall, within 48 hours after such accident *** report the place of accident, the date, the approximate time, his name, address, the registration number of the vehicle driven, and the names of the occupants, if any, of such vehicle, at a police station or sheriff's office near the place where such accident occurred. *No report made as required under this Subsection shall be used, directly or indirectly, as a basis for the prosecution of any violation of Subsection (a) of this Section.*" (Emphasis added.)

Sections 11—401(c) and (d) (Ill. Rev. Stat. 1977, ch. 95½, pars. 11—401(c), (d)) provide that a person who leaves the

scene in violation of section 11—401(a) is guilty of a misdemeanor, while one who, after leaving the scene, fails to make the report required by section 11—401(b) is guilty of a felony. Thus, the statute permits a person who fails to remain at the scene to avoid prosecution for a felony by making the required report at a police station or sheriff's office within 48 hours, and the report is not to be used by the State in a misdemeanor prosecution for leaving the scene.

The circuit court allowed Young's motion to suppress his statements on the ground he had reported the accident to the police within 48 hours and thus section 11—401(b) prohibited the use of his report against him. An appeal by the State from the suppression order was dismissed by the appellate court, which held it was not an appealable order. (*People v. Young* (1979), 76 Ill. App. 3d 210.) This court reversed the dismissal and remanded the appeal to the appellate court for ruling on the merits, concluding that the State should be allowed to appeal from a pretrial suppression order which substantially impaired its ability to prosecute the case. (*People v. Young* (1980), 82 Ill. 2d 234.) On remand, the appellate court, in a split decision, held that Young's statements could be used on the charge of driving too fast for conditions, but not in the prosecution for leaving the scene of an accident (98 Ill. App. 3d 585). The dissenting judge's view was that the State could use Young's statements in prosecuting both offenses. His reasoning was that because the statements were obtained as a result of the officer's investigation and call to Young requesting him to come to the station, they did not constitute a report within the meaning of section 11—401(b) of the Illinois Vehicle Code and consequently were not entitled to the protection of that statute. The State advances essentially the same position in this appeal, contending that the statute is designed to encourage voluntary reporting as distinguished from police efforts which result in locating a person involved who leaves the scene of an accident and fails to initiate his report before the

police contact him. The State also argues that Young's statement covered more than the matters which the statute shielded, and that any statements Young made which the statute did not require him to report should not be suppressed.

Section 11—401(b) requires all persons who leave an accident scene to report the occurrence within 48 hours. Its requirements are not limited to situations where the driver initiates the contact with the police in contrast with those where the initial contact is brought about by police efforts, as happened in Young's case. A person contacted by the police and requested to come to a police station to report an accident who fails to respond is as guilty of violating section 11—401(b) as a driver who is never contacted and never reports. The statute directs all drivers who have fled the scene of an accident to report the pertinent information at a police station within 48 hours, and nothing in the wording of the statute justifies treating those who appear at a police station before being contacted by the police differently from those who come to the station following a police request. The plain wording of the statute neither lends itself to such a distinction nor suggests that police responsibility for the driver's appearance at the station is a material factor in the application of the statute. All the statute commands is that a person who has failed to stop at the scene report the pertinent information at a police station within the required time.

Similarly, section 11—401(b) provides a period of grace of 48 hours during which a driver who has fled from the accident can avoid felony prosecution by reporting the accident. Under the State's interpretation, the police could reduce the length of this grace period by initiating contact with a driver who has left the scene before he appears at the police station. But the statute on its face does not envision a race between police efforts to initiate contact with a missing driver and the driver's decision to escape felony prosecution by going to a police station and making a clean breast of his

involvement.

In its reply brief the State concedes that Young's cooperation with the police may have immunized him from felony prosecution for violating section 11—401(b), but it nevertheless contends that because of the police initiative which brought Young to the station, his statements should not be accorded the shield from prosecution use provided by the second sentence of that paragraph. We find nothing in section 11—401(b) which justifies such a distinction between the immunity provided by the first sentence and the privilege provided by the second.

The statute's purpose is to inform those who have been injured or damaged by a hit-and-run driver of the driver's identity. This is accomplished by encouraging such drivers to take advantage of a second chance to come forward and reveal their identity. Those who do come forward will not be prosecuted for a felony, and their statements will not be used against them if they are prosecuted for the misdemeanor of leaving an accident scene. It is useful and effective to offer both of these inducements to those who cooperate after first receiving a nudge from the police as well as to those who come forward on their own initiative; no valid distinction can be drawn between them. Although the police in this case, for example, had a license number, they still needed Young's cooperation to confirm that the vehicle with that license number was involved in the accident and to find out who was driving. The statute should be construed to afford maximum encouragement to those contacted by the police to be forthright rather than to stonewall or attempt to elude the police. Permitting the State to use a driver's report in its prosecution for leaving the accident scene discourages the driver both from coming forward and cooperating with police officers who may contact him first. To give the statute full scope in accomplishing what we believe it was intended to do, it is necessary to construe it in a way which affords the benefits of the prohibition against use contained

in the second sentence to those who cooperate with the police either before or after being asked to do so.

The State urges that the provision prohibiting the State's use of reports is an exception to the statutory scheme and, relying on *People v. Lofton* (1977), 69 Ill. 2d 67, argues that because it is an exception it must be strictly construed. The *Lofton* court was dealing with a statute which exempted a defined class of persons from the provisions of the unlawful use of weapons statute as long as the person claiming exemption was carrying documentation issued by the Department of Registration and Education. Unlike *Lofton*, the provision of the Illinois Vehicle Code applicable in this case is not an exemption statute, for it provides that a driver comes within the provisions of the statute and violates the law only upon his failure to comply with its provisions. It applies the statute to those who fail to comply; it does not extend an exemption to a statute of general application, as the statute in *Lofton* did. In any event, in arriving at the conclusion we do in this case we are following the *Lofton* directive of strict construction of the statute. We are construing it exactly as it reads, and we decline to add to it the conditions and exceptions the State advances, as they do not appear on the face of the statute and do not square with the statutory scheme.

The State finally argues that Young's statement included information beyond that required by the statute and that the extra information should not be suppressed. The State failed to specify in the circuit court which portion of Young's statement went beyond the statutory requirement. Its only contention in the circuit court was that it was entitled to use the information Young gave in its entirety. Moreover, the two statements which the State insists in this court it has the right to use are so closely related to the reporting requirements of the statute that it would be impossible to isolate them from those requirements. Young admitted he hit the other car, but in doing so he was merely admitting his participation in the accident, a condition of compliance with the

statute. (See *People v. Snodgrass* (1968), 103 Ill. App. 2d 166.) Young also said he fled because he was frightened. It is clear that one who reports his name in violation of the statute does so because he has fled the scene; Young's admission that he fled the scene is therefore an essential part of the report, and we do not see how the admission he was "frightened" can be separated from his admission that he fled.

Although the statute bars the use of Young's statement in the prosecution for leaving the scene of the accident, there is no statutory or other bar to its use in connection with the charge of driving too fast for conditions. The circuit court erred in applying the suppression order to that charge.

*Judgment affirmed.*

JUSTICE WARD, dissenting:

The ancient inquiry as to who is to watch the watchmen is raised by the majority's opinion.

The doctrine of separation of powers of government is, of course, not an unreasonably rigid one (*City of Waukegan v. Pollution Control Board* (1974), 57 Ill. 2d 170). This court, however, has been vigilant in restraining the other branches of government where there has been a wrongful intrusion upon the functions of another branch. I consider that the majority here disregards the legislative intention and improperly invades the legislative area and violates the doctrine.

The cardinal principle of statutory construction is to ascertain the legislative intendment and follow it. It is a cardinal offense for a court to fail to observe that intention.

I believe that the State's position accurately reflects the legislative intendment. The State contends, to quote the majority's language, "that the statute is designed to encourage voluntary reporting as distinguished from police efforts which result in locating a person involved who leaves the scene of an accident and fails to initiate his report before the police contact him." Where witnesses have reported the license plate number of the fleeing car and the police officer

has phoned the defendant and asked him to come to the police station I consider it is a clear violation of the legislature's intention to hold that the defendant will enjoy immunity under the statute. Certainly, it was not the legislators' intention to immunize persons who report fleeing from the scene of a death or injury, not because of a quickening of conscience but as a result of a police investigation focusing on them.

A former policy of the United States Internal Revenue Service and the United States Department of Justice seems relevant to consider. The "voluntary disclosure" policy permitted an income tax violator to disclose his violation with the knowledge that a criminal prosecution would not result. The policy, however, required that the disclosure had to be complete and it had to be truly voluntary. That is, the disclosure had to be made before an investigation of the taxpayer's return had begun. I feel certain that the legislature had a similar requirement in mind when enacting the statute here.

CHIEF JUSTICE RYAN joins in this dissent.