THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SHELDON EARL LaDEW, Defendant-Appellee.

Fourth District   No. 4—87—0103

Opinion filed August 27, 1987.

Greg Roosevelt, State's Attorney, of Lincoln (Kenneth R. Boyle, Robert J. Biderman, and Kenneth R. Baumgarten, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Steven Skelton, of Bloomington, for appellee.

JUSTICE GREEN delivered the opinion of the court:

Section 11—401(a) of the Illinois Vehicle Code (Code) requires that a driver of a vehicle involved in an accident resulting in death or personal injury remain at the scene until certain things have been done. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—401(a).) Section 11—401(b) of the Code then states:

"Any person who has failed to stop *** shall, *** within 48 hours after [such accident] report the place of the accident, the date, the approximate time, [his] name and address, the registration number of the vehicle driven, and the names of [the occupants, if any] of such vehicle, *at a police station* or *sheriff's office* near the place where such accident occurred. No report made as required under this paragraph shall be used, directly or indirectly, as a basis for the prosecution of any violation of paragraph (a) [of this section]." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 95½, par. 11—401(b).

▪ Section 11—401(c) of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—401(c)) makes failure to comply with subsection (a) a Class A misdemeanor, and section 11—401(d) of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—401(d)) makes failure to comply with the report requirements of subsection (b) a Class 4 felony. Thus, noncompliance with subsection (b) after a violation of subsection (a) raises the offense from a misdemeanor to a felony.

In *People v. Young* (1982), 92 Ill. 2d 236, 441 N.E.2d 641, the supreme court held that the privilege attached to reports of accidents made at police stations and sheriff's offices extended not only to those made by people who came into those stations or offices voluntarily but also to those made by people who came in at the request of law enforcement officers. The question in the case before us is whether that privilege extends to statements made by alleged violators of section 11—401(a) in response to questioning by law enforcement officers at places other than police stations or offices. We conclude that the privilege does not extend that far.

On April 21, 1986, defendant, Sheldon Earl LaDew, was charged by traffic citation in the circuit court of Logan County with a violation of section 11—401(a) of the Code by leaving the scene of a fatal accident occurring north of Lincoln. On September 11, 1986, defendant filed a motion to suppress certain statements he had made to law enforcement officers, citing the privilege of section 11—401(b) of the Code. After a hearing on September 19, 1986, that motion was allowed and a subsequent motion to reconsider was denied. Pursuant to Supreme Court Rule 604(a) (107 Ill. 2d R. 604(a)), the State has filed an interlocutory notice of appeal which contains an appropriate certificate of impairment. *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501.

The evidence at the hearing on the motion to suppress was reasonably consistent. An officer who had been given a description of a vehicle leaving the scene of the accident north of Lincoln came upon a

vehicle that he thought fit that description. Defendant was standing by the vehicle and, in answer to a question by the officer, said that he was the driver of the vehicle. In response to other questions, defendant indicated that he had been involved in an accident where his car went into a ditch. Defendant was arrested and taken to the Lincoln police station, where some questions were asked by officers. He was then taken to a hospital where further questions were asked.

Defendant contends that the thrust of *People v. Young* (1982), 92 Ill. 2d 236, 441 N.E.2d 641, is that as long as an accused gives information described in section 11—401(b) to law enforcement officers within the appropriate time span from the accident, the accused has satisfied the requirements for the statutory privilege. Defendant points out that he could have exercised his right to remain silent when questioned. He also maintains that the place where the information is given to law enforcement officers does not bear on the voluntary nature of the information given and should not be given significance.

We deem the fact that the express terms of section 11—401(b) of the Code limit the privilege to reports made at police stations and sheriff's offices is dispositive. Had the legislature intended to extend the privilege to information given to law enforcement personnel regardless of the location, the legislature would surely have so stated. Rather, the *Young* court stated: "All the statute commands is that a person who has failed to stop at the scene report the pertinent information at a police station within the required time." (92 Ill. 2d 236, 239, 441 N.E.2d 641, 643.) The *Young* court extended the privilege to circumstances where the motorist had not voluntarily contacted the police as long as the information was given to the law enforcement officers at their station or office. Had the Illinois Supreme Court intended that the fact the accused gave the information to law enforcement officers be the significant reason for the privilege, the court would not have placed the emphasis upon the conversation's having taken place at a police station. We are aware of no analogy to the construction defendant would have us place on the statute. Accordingly, none of the information given by defendant to law enforcement officers at places other than the Lincoln police station should have been suppressed.

The situation in regard to information required by section 11—401(b) of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—401(b)) which may have been given by defendant to law enforcement officers at the police station is in a somewhat different posture. Unlike in *People v. Young* (1982), 92 Ill. 2d 236, 441 N.E.2d 641, the defendant

here was not merely requested to come to the police station. He was taken there involuntarily while in custody after an arrest. While the *Young* court stated that the sole command of section 11—401(b) was that the required information be timely reported at a police station, that court also spoke in terms of informers entitled to privilege having come forward either on their own initiative or with "a nudge from the police" (92 Ill. 2d 236, 240, 441 N.E.2d 641, 643), thus possibly inferring that those who come to a police station in custody are not intended by the statute to acquire the privilege.

We need not answer the question of whether statements made by defendant at the Lincoln police station were privileged. At the hearing on the motion to suppress, all of the law enforcement officers accompanying defendant on the evening of his arrest denied knowledge of defendant's having made any statements at the police station concerning matters covered by section 11—401(b). Defendant testified that he did give some section 11—401(b) information while at the police station but, in the face of the foregoing evidence, the State would be estopped to make use of any such statement at trial. Thus, the suppression order may be reversed in its entirety.

The order of suppression is reversed and the case is remanded to the circuit court of Logan County for further proceedings.

Reversed and remanded.

LUND and KNECHT, JJ., concur.