J-S40006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS L. SCHORR, | |
| Appellant | No. 1218 MDA 2013 |

Appeal from the Judgment of Sentence Entered April 29, 2013
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0000898-2010

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 15, 2014**

Appellant, Thomas L. Schorr, appeals from the judgment of sentence of an aggregate term of 18 – 84 months' imprisonment.  Appellant challenges the sufficiency of the evidence introduced at his trial.  After careful review, we affirm.

Appellant proceeded to a nonjury trial on April 15, 2013.  The facts adduced at trial were as follows:

> On the date of the accident, [Appellant] and his girlfriend went to [Bethany] Harris'[s] home, where she lived with her mother, to pick up her and her boyfriend, Joel Nies.  The home is situated at the end of a long, dirt driveway.  Inexplicably, [Appellant] immediately upon leaving started to drive in an erratic fashion.  Harris'[s] mother testified that when [Appellant] pulled away from the house she could hear the car "burn out" and heard stones hitting her vehicle, which was parked in the driveway.  She then heard [Appellant's vehicle] accelerating down the driveway and saw [Appellant's vehicle] "flying up the road" after turning out of the driveway.  Harris'[s] mother was so alarmed by [Appellant's] driving that she attempted to call

her daughter's cell phone. This was corroborated by Nies, who was in the backseat of the car with Harris. He testified that as [Appellant] drove down Rebecca Harris'[s] driveway, he slid on gravel and nearly failed to make it around a turn in the driveway. At that point, both he and Bethany Harris told [Appellant] that if he was going to drive that way they were going to get out of the car. According to Nies, Harris was scared, and was shuddering and shaking, as she had been a passenger in a car that was in an accident just three months prior thereto. After turning out of Harris'[s] driveway and proceeding onto McKees Road a two-lane highway, [Appellant] continued to speed up and he left the road, nearly hitting several mailboxes. After that near miss, [Appellant] left the road again, traveling into a ditch so that the tires of the car were off the ground and Nies could see the ground next to his face. [Appellant] managed to drive the car out of the ditch and resumed his high speed, at which point Harris again pleaded with [Appellant], screaming: "Stop the car or I'm going to jump out." When [Appellant] still failed to stop the car or otherwise react in any way to her pleas, Harris jumped out. It was only then that [Appellant] finally stopped his car. While Harris was lying in the road bleeding from her head and struggling to breathe, [Appellant] did not render aid to her but instead proceeded to change a tire on his car, which had blown out when he careened into the ditch along the side of the road.

Trial Court Opinion (TCO), 9/13/13, at 2 – 3.

Harris "later passed away as a result of the injuries she sustained when she made contact with the road surface." *Id.* at 1. At the conclusion of Appellant's trial, the trial court found him guilty of one count each of accidents involving death or serious bodily injury while not properly licensed, recklessly endangering another person, disregarding traffic lanes, driving vehicle at unsafe speed, reckless driving, and false reports; and two counts each of driving while operating privileges are suspended or revoked, and careless driving. On May 28, 2013, Appellant was sentenced to an

aggregate term of 18 - 84 months' incarceration. He filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P 1925(b).

Appellant now presents the following question for our review:

1. Was the evidence legally insufficient and[,] therefore[,] did the lower court err when it found Appellant guilty of accident involving death while not properly licensed and recklessly endangering another person?

Appellant's brief at 18 (unnecessary capitalization omitted).

Appellant first argues that the evidence was not sufficient to sustain his conviction for accident involving death while not properly licensed.[1] Appellant claims that the evidence failed to establish that an "accident" occurred; or that Appellant caused the victim's death.

We first address Appellant's argument that the evidence is insufficient to establish that an "accident" occurred, as the vehicle was not involved in a collision.[2] Notwithstanding Appellant's claim, our prior jurisprudence has

_____

[1] Accidents involving death or personal injury while not properly licensed is defined in applicable part at 75 Pa.C.S. § 3742.1: "A person whose operating privilege was disqualified, canceled, recalled, revoked or suspended and not restored … commits an offense under this section if the person was the driver of any vehicle and caused an accident resulting in injury or death of any person."

[2] Our standard of review of such claims on appeal is well-settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a

*(Footnote Continued Next Page)*

demonstrated that the term "accident" is not synonymous with the term "collision."

This Court has analyzed the term, "involved in an accident," as used in in 75 Pa.C.S. § 3742, accidents involving death or personal injury (which criminalizes leaving the scene after a so-called hit-and-run accident). This Court has held that being "involved in an accident" "does not require physical contact with a vehicle, other object, or person during the course of an accident." *Commonwealth v. Lowry*, 55 A.3d 743, 748 (Pa. Super. 2012). This Court observed,

> To interpret Section 3742 to require some form of physical contact would permit defendants to circumvent that intent. For example, under Appellant's interpretation of Section 3742, a driver who intentionally runs someone off the road, yet does not contact the other vehicle, and then flees the scene, would not be guilty of a Section 3742 violation (although he may be guilty of other offenses). Certainly, such an absurd result was not the General Assembly's intent when it passed Section 3742.

*Id.* at 748.

*(Footnote Continued)* ──────────────

> reasonable doubt . . . . When reviewing the sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (citations omitted).

The *Lowry* Court specifically focused on the term "involved," and distinguished the "involved in an accident" language as used in that statute from the "caused an accident" language used in the statute at issue in the instant case. The *Lowry* opinion noted that the "involved in an accident" language in section 3742 was broader than the "caused an accident" language in 3742.1.

However, the *Lowry* Court discussed our state Supreme Court's holding in *Commonwealth v. Wisneski*, 29 A.3d 1150 (Pa. 2011), noting the *Wisneski* court "was clarifying what the General Assembly meant by the term 'accident'" with regard to section 3742. *Lowry*, 55 A.3d at 749. In *Wisneski*, the victim was subject to multiple collisions. The *Wisneski* Court concluded that the individual facts of a case would determine whether a victim subjected to multiple collisions was also subjected to multiple accidents within the meaning of the statute. As such, the Supreme Court concluded that the terms "accident" and "collision" are not interchangeable for the purposes of section 3742.

Moreover, it is not difficult to conceive of factual situations where a driver could cause an accident resulting in injury or death where the victim is not subjected to a collision – for example, where an inattentive driver's vehicle leaves the road, then stops abruptly on a rough surface, which causes his passenger to suffer a concussion. Accordingly, we conclude Appellant's allegation that an "accident" within the meaning of section 3742.1 requires proof of a collision is without merit.

Furthermore, Appellant's claim that there is no causal connection between his actions and the victim's death is belied by the record. As observed by the trial court:

> To obtain a conviction … under 75 Pa.C.S[] §[]3742.1[,] the Commonwealth must prove that a defendant acted with criminal negligence; on its face[,] the statute contains a causation element. **Commonwealth v. Hurst**, 889 A.2d 624 (Pa.Super. 2005). In **Commonwealth v. Rementer**, 598 A.2d 1300 (Pa. Super. 1991), the Superior Court considered a defendant's challenge to his third-degree murder conviction on the basis that there was insufficient evidence on the issue of causation to prove that his conduct caused the victim's death. In **Rementer**, the victim was attempting to escape an ongoing assault by the Defendant when she was struck and killed by a car. **Id.** The Court reasoned that criminal causation involves a case-by-case determination of whether "the defendant's conduct [was] so directly and substantially linked to the actual result as to give rise to the imposition of criminal liability or was the actual result so remote and attenuated that it would be unfair to hold the defendant responsible for it." **Id.** at 1304-05. The Superior Court ultimately concluded that it was natural and foreseeable that an assault victim would attempt to escape the harm of an assault, and the victim in that case "was clearly intent upon escaping her assailant at any cost and attempted to do so repeatedly." **Id.** at 1308. Likewise, in this case it was foreseeable that [Appellant's] out-of-control driving could or would lead to the event that caused [the victim's] death. Not only did [Appellant] lose control of the car multiple times before the victim exited the vehicle, the victim, who had a history of being a victim of a prior motor vehicle accident on this same road, also pleaded with him to stop the car, told him that she wanted to get out of the car before they he [*sic*] had even left her driveway, and plainly told him right before she did so: "Stop the car or I'm going to jump out." Thus, [Appellant] was aware of her intentions[,] yet recklessly ignored her pleas while continuing to drive in a [dangerous] manner. While a person driving down the road in a normal fashion could not be expected to anticipate that a rear seat passenger would decide to jump out of the moving car, this case presents a far different factual scenario. This case presents the other end of the spectrum as

- 6 -

referred to in **Rementer**, *ie.*, conduct by a defendant that gives rise to criminal liability [because] [that] defendant is aware of the risk of harm posed to the victim[,] and persists in such conduct.

TCO at 3 - 5. We ascertain no error in the trial court's rationale. As such, Appellant's contention that the evidence was insufficient to support his conviction of accidents involving death is meritless.

Appellant's second argument is that the evidence was not sufficient to sustain his conviction for recklessly endangering another person. Appellant claims that the "evidence presented by the Commonwealth's expert witness as to speed … is not sufficient to establish recklessness." Appellant's brief at 26. Furthermore, Appellant claims the victim's injury "did not result from the risk that would normally be associated with driving … recklessly." **Id.**

Recklessly endangering another person is defined at 18 Pa.C.S. § 2705: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." Our review of the record shows that Appellant "burned out" of a driveway; nearly failed to execute a turn; left the road surface, nearly striking several mailboxes; and then navigated the car into a ditch. Even then, Appellant did not stop the car, and damaged a tire as he continued to drive. Appellant refused to stop over the increasing objections of his passengers, even as he traveled 71 feet along a berm. We conclude that the record supports the trial court's finding that Appellant's driving placed his passengers in danger of death or serious bodily injury.

In addition, Appellant's argument that the victim's injury did not result from the "risk normally associated with driving recklessly" misapprehends the causation required to support a conviction under this statute. The statute criminalizes conduct which places another in danger of death or serious bodily injury, regardless of whether such injury results. ***See Commonwealth v. Trowbridge***, 395 A.2d 1337, 1340 (Pa. Super. 1978) (holding that a conviction for this crime "requires (1) a *mens rea* [of] recklessness, (2) an *actus reus* [of] some 'conduct,' (3) causation 'which places,' and (4) the achievement of a particular result 'danger,' to another person, of death or serious bodily injury"). The record clearly supports the trial court's finding that Appellant's actions placed his passengers in danger of serious bodily injury. As such, this claim is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2014