J-S20037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL S. SMITH | : | |
| | : | |
| Appellant | : | No. 1452 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 9, 2024
In the Court of Common Pleas of Snyder County Criminal Division at
No(s):  CP-55-CR-0000275-2023

BEFORE:  OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: JULY 1, 2025**

Appellant, Samuel S. Smith, appeals from the aggregate judgment of sentence of 30 months to 7 years' incarceration, imposed after a jury convicted him of accidents involving death or personal injury, 75 Pa.C.S. § 3742(a), and recklessly endangering another person (REAP), 18 Pa.C.S. § 2705.  Appellant, who appeared *pro se* for his trial, challenges the sufficiency of the evidence to sustain his convictions.  After careful review, we affirm.

The trial court summarized the facts of this case, as follows:

At trial, the Commonwealth presented evidence that on June 19, 2023, [Appellant] was driving with his paramour, Amanda McCully.  While the couple was traveling down Route 522 in Snyder County, Ms. McCully either jumped or fell out of the moving vehicle, while it was traveling around 35 to 40 miles per hour.  After Ms. McCully exited the vehicle, [Appellant] continued driving and eventually stopped his vehicle about 1,400 feet away from where Ms. McCully jumped out of the car.  Where [Appellant] stopped, he could not see Ms. McCully on the road.  Ms. McCully was severely injured after exiting the vehicle, including an

extensive degloving injury to her left leg, injury to her left arm, and a traumatic brain injury. The injuries were severe enough that Ms. McCully needed to be intubated and placed in a medical coma for her to recover[]. While Ms. McCully was lying in the road, several passersby[] saw her there and attempted to help. Rachel Bateman noticed a person was lying in the road from her bathroom window and ran out to attempt to aid Ms. McCully. While on the scene, Ms. Bateman did not see [Appellant] present. Angela Haigh was on her way into work when she had to swerve out of the way of what she believed was an animal, until she was next to the body of Ms. McCully, and realized it was a human. When Ms. Haigh realized a person was lying in the road, she stopped her vehicle at the nearest break in the guardrail and attempted to aid Ms. McCully. Ms. Haigh claimed she would have hit Ms. McCully, if she had not swerved her car. Ms. Haigh testified that she did not see [Appellant] on the scene nor his vehicle[,] even though she had to go to the top of the hill to try and get cell reception to call 911. Additionally, Ms. Haigh did not see [Appellant] when she stopped at the first break in the guardrail. [Eventually], the [p]olice and EMS arrived to try and treat Ms. McCully[,] and [they] transport[ed] her via life flight to the nearest hospital. During the subsequent investigation by police, a 911 call from [Appellant] was discovered in which he indicated that Ms. McCully was up and walking around. All witnesses to the event testified that they did not see Ms. McCully walk.

During the trial, [Appellant] presented little evidence and did not testify. [Appellant] attempted to call Ms. McCully as a witness, but he was unable to follow proper procedure in asking the witnesses questions, and, therefore, his evidence presented was very brief. The jury found [Appellant] guilty on both counts.

Trial Court Opinion (TCO), 11/6/24, at 1-2 (unnumbered; footnotes and citations to the notes of testimony omitted).

Appellant subsequently applied for a public defender, and counsel was appointed to represent him at his sentencing proceeding on July 5, 2024. There, the court imposed the aggregate term set forth *supra*. On July 9, 2024, the court issued an amended sentencing order, imposing fines and other costs that had been omitted from the original sentencing order. Appellant filed a

timely post-sentence motion on July 15, 2024. On September 9, 2024, the court denied Appellant's post-sentence motion. He filed a timely notice of appeal on October 7, 2024.[1] The trial court thereafter ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he timely complied. The court filed a Rule 1925(a) opinion on November 5, 2024.

Herein, Appellant states two issues for our review:

I. Whether the evidence was sufficient to find Appellant was involved in an accident, in violation of 75 Pa.C.S.[] § 3742 (a): accident involving death/serious bodily injury — failure to stop.

II. Whether the evidence was sufficient to find Appellant's lack of conduct was a violation of 18 Pa.C.S.[] § 2705: recklessly endangering another person.

Appellant's Brief at 4.

To begin, we observe that,

[w]hether the evidence was sufficient to sustain the charge presents a question of law. *Commonwealth v. Toritto*, 67 A.3d 29[, 33] (Pa. Super. 2013) (*en banc*). Our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v.*

_____

[1] Appellant's notice of appeal erroneously stated that the appeal was from the order denying his post-sentence motion, which was dated September 6, 2024 and entered on September 9, 2024. *See Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted) (explaining that, in a criminal action, an appeal properly lies from the judgment of sentence). Further, where the trial court amends the judgment of sentence during the period it maintains jurisdiction, the direct appeal lies from the amended judgment of sentence. *See Commonwealth v. Garzone*, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010). Accordingly, we have amended the caption to reflect that this appeal lies from the amended judgment of sentence entered on July 9, 2024.

> **Walls**, 144 A.3d 926 (Pa. Super. 2016). In conducting our inquiry, we examine[,]

> > whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, [is] sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

> **Commonwealth v. Trinidad**, 96 A.3d 1031, 1038 (Pa. Super. 2014) (quotation omitted).

**Commonwealth v. Rojas-Rolon**, 256 A.3d 432, 436 (Pa. Super. 2021).

Appellant first challenges the sufficiency of the evidence to sustain his conviction under 75 Pa.C.S. § 3742, which states, in pertinent part:

> **(a) General rule.--**The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

75 Pa.C.S. § 3742(a).

Here, Appellant challenges whether the evidence demonstrated that he was "involved in an accident," so as to trigger a duty to "immediately stop … at the scene." **Id.** According to Appellant, "the term 'accident' for the

purposes of 75 Pa.C.S.[] § 3742, is defined as 'encompass[ing] any untoward and unintended contact between a vehicle and something else.'" Appellant's Brief at 8 (quoting *Commonwealth v. Wisneski*, 29 A.3d 1150, 1153 (Pa. 2011)). Appellant insists that, here, "[t]he trial testimony shows uncontroverted proof that Appellant was not the driver of a vehicle involved in an accident," as his

> car made no 'untoward or unintended contact' with anything else on June 19, 2023. Appellant had no duty to return to the scene, … contact 911, or … remain on the scene under … [section] 374[2](a)[,] as there was no accident and the section did not apply to him.

*Id.* at 9.

We disagree. First, Appellant's position that the *Wisneski* case held that a vehicle *must* contact something in order for an "accident" to occur for purposes of section 3742 is incorrect. The issue before the *Wisneski* Court was *not* the proper and complete definition of what constitutes an "accident" under that provision. Instead, the question posed to the Court was:

> Where a motorist drives through the scene of a fatal accident and strikes the body of the accident victim, does the Commonwealth establish a *prima facie* case against the motorist for violating his duties to stop and render aid at the scene of the accident, if the Commonwealth is unable to prove that the victim was alive at the moment of the motorist's impact?

*Wisneski*, 29 A.3d at 1152. In other words, the *Wisneski* Court was examining the requirement of section 3742 that a person be involved in an accident "resulting in injury or death" before they are required to stop at the

- 5 -

scene, not precisely defining — at least not in an expressly limiting fashion — what constitutes an "accident" under that provision.

We conclude that the case relied on by the trial court, ***Commonwealth v. Lowry***, 55 A.3d 743 (Pa. Super. 2012), is more applicable to the question Appellant poses in the instant case. There, Lowry drove his vehicle across the path of oncoming traffic, causing other cars to spin out of control and collide in their attempts to avoid Lowry's vehicle. ***Id.*** at 745. An individual struck by one of the careening cars died as a result of injuries he sustained. ***Id.*** at 746-46. Lowry, who did not stop, render aid, or return to the scene of the accident, was ultimately arrested and convicted under section 3742(a). ***Id.*** at 746.

On appeal, Lowry insisted that the evidence was insufficient to prove he was "involved" in an accident. ***Id.*** Specifically, he asserted a nearly identical claim to that raised by Appellant herein: namely, "that his car did not strike anything" and "because the Commonwealth did not present any evidence that he 'physically impacted' anything in the accident, he was not 'involved' in the accident, as defined by [s]ection 3742." ***Id.***

This Court ultimately disagreed, holding that "the term, 'involved in an accident,' in [s]ection 3742 of the Motor Vehicle Code ***does not require physical contact with a vehicle, other object, or person*** during the course of an accident." ***Id.*** at 748 (emphasis added). We reasoned that "to require some form of physical contact would permit defendants to circumvent" the legislature's intent in passing section 3742, which was to require every

- 6 -

driver involved in every accident to stop and comply with the duties set forth in section 3742. *Id.* (citing *Wisneski*, 29 A.3d at 1153).

Here, Appellant contends that *Lowry* is distinguishable because, "despite having no contact between his vehicle and something else[,]" Lowry's conduct still "caus[ed] other motorists to react and impact with one another…." Appellant's Brief at 10. Thus, Appellant insists that "this caused an accident as defined in *Wisneski*," and was the reason the *Lowry* Court found that Lowry had been "'involved' in an accident." *Id.* at 9.

Appellant's argument that physical contact is necessary to constitute an "accident" under section 3742 clearly contradicts our holding in *Lowry* that section 3742 "***does not require physical contact*** with a vehicle, other object, or person during the course of an accident." *Lowry*, 55 A.3d at 748 (emphasis added). Thus, although the facts of *Lowry* differ from the instant case, our holding regarding the definition of an "accident" under section 3742 refutes Appellant's argument that he was not "involved in an accident" simply because his vehicle did not make contact with any other vehicle, person, or object.

Instead, we concur with the trial court that Appellant was "involved in an accident" in this case. The court explained:

> In this matter, the accident in question occurred when [Appellant] was driving his vehicle, and his paramour jumped or fell out of the car. The accident did not result in physical damage to the vehicle, nor is it clear who or what caused Ms. McCully to leave the vehicle. However, it is clear that under a totality of the circumstances, [Appellant] was involved in an accident. A person jumped out of a moving vehicle, traveling 35 to 40 miles an hour, leaving an

unconscious human in the middle of a narrow road. Under the totality of the circumstances, this [c]ourt found that [Appellant] was involved in an accident. … [Appellant] was also the driver directly connected to the accident, as it was his car from which Ms. McCully jumped. The [c]ourt finds that Ms. McCully['s] leaving the vehicle and being severely injured, unconscious in the middle of a narrow road, constitutes an accident. Since [Appellant] was involved in an accident, as required to be convicted under 75 Pa.C.S.[] § 3742 (a), the [c]ourt finds this issue without merit.

TCO at 3 (unnumbered). We agree. When Ms. McCully jumped or fell from Appellant's vehicle, which was moving at 35 to 40 miles an hour, an accident occurred involving Appellant's vehicle. Appellant's challenge to the sufficiency of the evidence to sustain his conviction under section 3742 is meritless.

Next, Appellant contends that his conviction for REAP was not supported by sufficient evidence. A person commits REAP "if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. This Court has explained:

To sustain a conviction for REAP, "the Commonwealth must prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so. Danger, not merely the apprehension of danger, must be created." ***Commonwealth v. Hopkins***, 747 A.2d 910, 915 (Pa. Super. 2000) (internal citation omitted).

***Commonwealth v. Edwards***, 229 A.3d 298, 312 (Pa. Super. 2020).

Instantly, Appellant's cursory argument challenging the sufficiency of the evidence to sustain his conviction for this offense consists of the following five sentences:

In this case, Appellant stopped his vehicle some distance from where Ms. McCully jumped from his vehicle. The closing arguments of the Commonwealth suggest Appellant's failure to remain on scene was sufficient to violate 18 Pa.C.S.[] § 2705 as

- 8 -

it created a potential risk to Ms. McCully given her location on the road.

The Commonwealth made no claim that Appellant engaged in conduct by failing to remain on scene, but that he failed to act. Relying on the argument above, with no duty to return to the scene, Appellant's failure to act is not 'conduct' and cannot be sufficient to support the verdict reached as to count two of the Information. Appellant[] had no duty to Ms. McCully and thus his failure to return to the scene is insufficient to establish 'conduct' as is required under 18 Pa.C.S. § 2705.

Appellant's Brief at 11.

Appellant's argument is unconvincing. First, as discussed *supra*, Appellant was involved in accident that caused injury to Ms. McCully and, therefore, he was legally required to stop as close to the scene as possible, and then return to the scene and attempt to render aid to Ms. McCully. **See** 75 Pa.C.S. § 3742(a); **see also** 75 Pa.C.S. § 3744(a) ("The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person … **shall render to any person injured in the accident reasonable assistance**, including the making of arrangements for the carrying of the injured person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if requested by the injured person.") (emphasis added). Although Appellant stopped his vehicle some distance from the scene of the accident and called 911, he did not return to where Ms. McCully was lying in the road or attempt to render her any aid, even in the form of moving her from the path of oncoming traffic. Instead,

- 9 -

Appellant allowed her to remain lying "unconscious on the road." TCO at 4

(unnumbered). As the trial court explained:

> The road in question is a narrow[,] two-lane road. [Appellant] continued to drive approximately 1,400 feet away from the victim to a location where he could not see her and did not go back to ensure her safety. [Appellant] left Ms. McCully on this road. Ms. Haigh testified that she was driving down the road and had to swerve to avoid running over Ms. McCully. [Appellant's] leaving Ms. McCully in the road created a real danger that she could get hit by a passing vehicle or may succumb to her injuries. [Appellant] took no steps to try and prevent this result other than to call the police[,] where he repeatedly claimed that she was up and walking. When asked if Ms. McCully was injured, [Appellant] replied, "I see her walking; I see her walking away from me." [Appellant] was aware of the potential risk of leaving Ms. McCully in the middle of the road, and disregarded such an obvious danger. While there was no evidence presented at trial that [Appellant] did anything directly to cause Ms. McCully to exit the vehicle, [Appellant] failed to act to prevent the harms that were overwhelmingly likely to befall her[,] and even lied to the police about the nature of her injuries. The [c]ourt finds that [Appellant] acted recklessly, as leaving Ms. McCully in the middle of the road was a conscious disregard for the known risk of further injury or death. [Appellant] placed Ms. McCully in danger from his lack of effort to prevent future harm to her. As such, the [c]ourt finds that [Appellant] put Ms. McCully in a place of danger and acted recklessly with a conscious disregard for the obvious dangers she was facing. Due to this, the [c]ourt finds that this issue is without merit.

*Id.* (unnumbered; footnote omitted).

Again, we agree with the trial court. Appellant's argument that his

failure to act could not constitute "conduct" sufficient to convict him of REAP

is meritless. The Crimes Code states:

> **(a) General rule.--**A person is not guilty of an offense unless his liability is based on conduct which includes a voluntary act or the ***omission to perform an act*** of which he is physically capable.

- 10 -

**(b) Omission as basis of liability.--**Liability for the commission of an offense may not be based on an omission unaccompanied by action unless:

> (1) the omission is expressly made sufficient by the law defining the offense; or

> (2) *a duty to perform the omitted act is otherwise imposed by law.*

18 Pa.C.S. § 301 (emphasis added). ***See also Commonwealth v. Howard***, 402 A.2d 674, 676 (Pa. Super. 1979) ("[A]n omission to act may create criminal culpability under our Crimes Code even though the law defining the offense, as here, requires an 'act,' where 'a duty to perform the omitted act is otherwise imposed by law.'") (citing 18 Pa.C.S. § 301(b)(2)).

As discussed *supra*, Appellant had a duty under the law — specifically, sections 3742 and 3744 of the Motor Vehicle Code — to return to the scene of the accident and aid Ms. McCully. We agree with the trial court that his decision to leave Ms. McCully lying unconscious in the roadway, where she could have been (and almost was) struck by an oncoming vehicle, constituted conduct that placed Ms. McCully in danger of death or serious bodily injury. Therefore, his conviction for REAP was supported by sufficient evidence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/01/2025